## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Graylene B. Vaughan,

               Plaintiff,         Case No. 21-cv-11593

v.                            Judith E. Levy
                                United States District Judge

Federal Express Corporation,

                             Mag. Judge Kimberly G. Altman

               Defendant.

_____/

## ORDER IMPOSING SANCTIONS UNDER
## FEDERAL RULE OF CIVIL PROCEDURE 37(b)(2)(A)(i)

On May 31, 2023, the Court held a status conference with counsel regarding Plaintiff Graylene B. Vaughan's obligation to produce his cell phone records. For the reasons set forth below, the Court finds it appropriate to impose sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(i) due to Plaintiff's failure to comply with several Court orders requiring the production of his records.

### I.    Background

The production of Plaintiff's phone records has been an issue in this case since at least July 15, 2022—almost one year ago—when the

Court entered a stipulated order staying the dispositive motion deadline "pending [Plaintiff's] production of his personal cell phone records from July 2017 through January 2018." (ECF No. 20, PageID.140.) Following a December 20, 2022 status conference regarding Plaintiff's records, the Court issued an order on December 28, 2022 compelling Plaintiff to produce his cell phone records by January 4, 2023. (ECF No. 22.) Plaintiff failed to provide the requested records to Defendant Federal Express Corporation before the January 4, 2023 deadline. (*See* ECF No. 23, PageID.148.)

On January 23, 2023, the Court issued an order directing Plaintiff to provide to Defendant by February 2, 2023 certain information to allow Defendant to subpoena the records from Plaintiff's cell phone carrier: Plaintiff's phone number, phone carrier, account name, and account number. (*Id.* at PageID.148–149.) Plaintiff did not comply with the Court's January 23, 2023 order. (*See* ECF No. 24, PageID.152.)

On February 7, 2023, the Court issued an order for Plaintiff to show cause in writing by February 21, 2023 "why the Court should not impose [a] sanction proposed by Defendant under Rule 37(b)(2)(A)(i) due to Plaintiff's failure to comply with the Court's discovery orders entered

on December 28, 2022 and January 23, 2023." (*Id.* at PageID.154 (citing ECF Nos. 22, 23).) Plaintiff properly responded to the show cause order. (ECF No. 25.) In its order vacating the show cause order, the Court "direct[ed] Plaintiff's counsel to subpoena Plaintiff's phone records" and to "file on the docket [by March 6, 2023] a copy of the subpoena." (ECF No. 26, PageID.165.) Plaintiff's counsel submitted a filing on March 6, 2023 indicating his compliance with the order. (ECF No. 27.) The filing contains a copy of a subpoena directed to "T-Mobile Subpoena Compliance" that is dated March 6, 2023. (ECF No. 27-1, PageID.167.)

On May 18, 2023, Defendant's attorney informed the Court by email that "as of today, Defendant has not received th[e] records."[1] Email from Gabriel P. McGaha, Counsel for Defendant, to William Barkholz, Case Manager to Judge Judith E. Levy (May 18, 2023, 2:21 PM EST) (on file with the Court). The email also indicated that Defendant's own attempt to subpoena the records—using the

---

[1] The May 18, 2023 email from Defendant's attorney was sent in compliance with the Court's practice guidelines. These guidelines instruct counsel to email Judge Judith E. Levy's case manager, William Barkholz, "[i]f [a] discovery dispute cannot be resolved" and the parties wish to have the dispute "addressed by Judge Levy." *Judge Judith E. Levy*, United States District Court for the Eastern District of Michigan, https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=44 (last visited June 16, 2023).

information provided by Plaintiff—was unsuccessful, given that Defendant was "notified on 3/9/23 that the information provided was incorrect . . . . Since then, Defendant has repeatedly asked Plaintiff's counsel to provide an update on the status of Plaintiff's subpoena and/or to correct the information provided, to no avail." *Id.* In the email, Defendant requested a status conference and that

> this case be dismissed *sua sponte* pursuant to FRCP 37(b)(2)(A)(v). In the alternative, Defendant propose[d] that the Court enter an order, pursuant to FRCP 37(b)(2)(A)(i), finding that the following facts have been established for purposes of this case:
>
>> 1.) Plaintiff's personal cell phone was working and operable at all times relevant from July 2017 through January 2018;
>>
>> 2.) Plaintiff had his personal cell phone with him at the time the accident occurred on January 29, 2018; and
>>
>> 3.) Plaintiff could have used his cell phone to immediately report the accident he had January 29, 2018, but he chose not to do so.

*Id.*

On May 31, 2023, the Court held another status conference to discuss Plaintiff's phone records. During the conference, the Court noted that counsel for both sides had issued subpoenas to Plaintiff's

4

phone carrier but were unable to obtain the requested documents. The Court then required Plaintiff's counsel to provide the phone bills in Plaintiff's possession to the Court and to Defendant's attorney by June 2, 2023 at 5:00 p.m. The Court stated that if Plaintiff's counsel did not provide the phone bills and failed to provide adequate cause, the Court will direct that the following fact be taken as established for purposes of this action under Rule 37(b)(2)(A)(i): "Plaintiff's personal cell phone was working and operable at all times relevant from July 2017 through January 2018." *See id.* The Court stated that it was not prepared to do the same with the other two facts proposed by Defendant, but it invited future briefing on the issue if appropriate.

Despite the Court's instructions during the May 31, 2023 status conference, the Court did not receive a filing or an update from Plaintiff's counsel by June 2, 2023 at 5:00 p.m. In response to an email inquiry from the Court, Plaintiff's counsel indicated—one week after the June 2, 2023 deadline had elapsed—that the phone bills have not been provided to Defendant. *See* Email from Matthew Broderick, Counsel for Plaintiff, copying William Barkholz, Case Manager to Judge Judith E. Levy (June 9, 2023, 11:12 AM EST) (on file with the Court). Plaintiff's

counsel indicated that he tried contacting his client but "ha[d] not heard back from him." *Id.*

## II.   Legal Standard

As the Court noted in its February 7, 2023 show cause order warning Plaintiff about the possibility of sanctions under Rule 37(b)(2)(A)(i) due to his failure to comply with the Court's prior orders:

> "District courts have discretion to impose sanctions for discovery abuses" such as "not obeying a discovery order." *Barrette Outdoor Living, Inc. v. Mich. Resin Representatives*, No. 11-cv-13335, 2014 WL 7366103, at *4 (E.D. Mich. Dec. 24, 2014). This court has stated that
>
>> Federal Rule of Civil Procedure 37 allows the court to award sanctions for "fail[ure] to obey an order to provide or permit discovery" in the form of "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims[.]" Fed. R. Civ. P. 37(b)(2)(A)(i). "With a rule as flexible as Rule 37, inevitably a broad discretion must be given the trial judge with regard to sanctions." 8B Charles Alan Wright et al., Federal Practice and Procedure § 2284 (3d ed. 2010).
>
> *Chopra v. Physicians Med. Ctr., LLC*, No. 16-13915, 2017 WL 7689756, at *1 (E.D. Mich. Oct. 11, 2017).

(ECF No. 24, PageID.153–154.)

6

In reviewing

> whether sanctions are appropriate pursuant to Rule 37, the
> Sixth Circuit [has] look[ed] to four factors. First, whether the
> party's failure to cooperate in discovery is due to willfulness,
> bad faith, or fault. Second, whether the party in favor of the
> sanction was prejudiced by the other party's failure to
> cooperate in discovery. The third factor is whether the party
> was warned that failure to cooperate could lead to sanctions.
> Finally, the fourth factor considers whether less drastic
> sanctions were first imposed or considered. *Freeland v.
> Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

*Nusbaum v. Enlighten Fam. Chiropractic, LLC*, No. 19-cv-10223, 2023
WL 315719, at *7 (E.D. Mich. Jan. 19, 2023).

## III.  Analysis

The Court grants in part Defendant's request for sanctions. Given
that Plaintiff has failed to comply with the Court's discovery orders in
the past and did not obey the Court's instructions regarding his phone
bills (set forth during the May 31, 2023 status conference), the Court
directs that under Rule 37(b)(2)(A)(i) it be taken as established for
purposes of this action that Plaintiff's personal cell phone was working
and operable at all times relevant from July 2017 through January
2018.

All four factors identified above favor imposing sanctions under Rule 37. Regarding the first factor, Plaintiff has repeatedly failed to comply with the Court's orders and instructions over the last six months requiring the production of his phone records or phone bills, which supports a finding that Plaintiff has failed to cooperate in discovery due to willfulness, bad faith, or fault. As for the second factor, Defendant—which has been unable to obtain Plaintiff's phone records for approximately one year—has been prejudiced by Plaintiff's failure to provide the records because Defendant has had to "waste time, money, and effort in pursuit of [Plaintiff's] cooperation which [Plaintiff] was legally obligated to provide." *Turner v. Evergreen Recovery Sols., LLC*, No. 4:20-cv-12568, 2022 WL 18588076, at *3 (E.D. Mich. Nov. 4, 2022) (quoting *Barron v. Univ. of Mich.*, 613 F. App'x 480, 485 (6th Cir. 2015)), *report and recommendation adopted*, No. 20-cv-12568, 2023 WL 22164 (E.D. Mich. Jan. 3, 2023). With respect to the third factor, the Court warned Plaintiff during the May 31, 2023 status conference that his failure to provide his phone bills as instructed would result in the imposition of the particular sanction now being imposed under Rule 37(b)(2)(A)(i). As to the fourth factor, the Court has imposed and

8

considered less drastic sanctions because Plaintiff has had numerous instances of non-compliance, yet no sanctions have been imposed up until now. Moreover, the Court considered Defendant's requests for additional sanctions under Rule 37(b)(2)(A)(i) and (v)—including dismissal—but declines to impose those sanctions at this time.

## IV.   Conclusion

For the reasons set forth above, the Court directs that the following fact be taken as established for purposes of this action under Rule 37(b)(2)(A)(i): Plaintiff's personal cell phone was working and operable at all times relevant from July 2017 through January 2018. Defendant may file a motion seeking further relief to the extent it deems such a motion appropriate.

IT IS SO ORDERED.

Dated: June 16, 2023                   s/Judith E. Levy
     Ann Arbor, Michigan            JUDITH E. LEVY
                                  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 16, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager